UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:19-cv-01484-CEM-LRH

| | |
|---|---|
| LOGAN BACHSTEIN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>DISCORD, INC., a for-profit corporation,<br><br>    Defendant. | **DEFENDANT'S AGREED MOTION TO POSTPONE CASE MANAGEMENT CONFERENCE OR, IN THE ALTERNATIVE, FOR LEAVE TO TELEPHONICALLY APPEAR AT CASE MANAGEMENT CONFERENCE AND INCORPORATED MEMORANDUM OF LAW[1]** |

Defendant Discord, Inc. ("Discord"), through undersigned counsel, and pursuant to Rules 16(b)(2) and 26(f)(1) of the Federal Rules of Civil Procedure and this Court's inherent authority to control its docket, respectfully requests this Court to postpone the case management conference and corresponding case management report set forth in the Court's Order dated August 14, 2019 (the "Order") [D.E. 3] until Discord's pending Motion to Transfer or, in the alternative, Dismiss Plaintiff's Complaint (the "Motion") [D.E. 14] has been resolved. Alternatively, Discord, pursuant to Local Rule 3.01(i), respectfully requests this Court to enter an Order permitting counsel to appear and participate by telephone at the case management conference to prepare a case management report as set forth in the Court's Order.

In support of this Motion to Postpone, Discord states as follows:

## I.    INTRODUCTION

In its pending Motion, Discord seeks three types of relief, each of which would dispose of the case in this District: (1) transfer based on the forum-selection clause in Discord's Terms

---

[1] This Motion to Postpone is made without waiver of, but rather in full preservation of, all defenses that may be available to Discord, including, but not limited to, those set forth in the pending Motion to Transfer and/or Dismiss [D.E. 14].

41326460v1

of Service ("Terms"); (2) dismissal based on a lack of personal jurisdiction over Discord; and (3) dismissal for failure to state a claim in light of, among other things, Discord's federal immunity under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA").

Given the likelihood that this case will not proceed in this District, Discord requests that the case management conference be postponed pending a ruling on the Motion in an effort to conserve judicial and party resources.

## II.  DISCUSSION

### A. This Court Should Exercise Its Inherent Power and Postpone the Case Management Conference.

Good cause exists to postpone the case management conference pending a decision on Discord's Motion. It is well settled that a trial court has broad discretion and the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936); *see also Voter Verified, Inc. v. Premier Election Solutions, Inc.*, No. 6:09-cv-1968-Orl-19KRS; 2010 WL 1049793 (M.D. Fla. Mar. 22, 2010) ("It is well established that a district court has the inherent authority to manage and control its own docket so as to achieve the orderly and expeditions disposition of cases.") (internal quotations omitted).

Attending the case management conference and preparing a case management report as ordered by the Court, *see* D.E. 3, is premature because Discord's Motion is likely to depose of the entire case before this Court. Indeed, the Motion raises three bases that would dispose of the case before this Court:

(1) The parties agreed to litigate disputes in the Northern District of California [D.E. 14-2, Exs. C-G]. *Alt. Marin Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013) ("[w]hen the parties have agreed to a valid forum-selection clause, a district court

2

41326460v1

should ordinarily transfer the case to the forum specified in that clause.") (internal quotations omitted).

      (2)  The Court lacks general and specific personal jurisdiction over Discord.

      (3)  Plaintiff failed to sufficiently plead his claims and the deficiencies contained therein are incurable, particularly in light of the CDA, which immunizes service providers from liability for allowing content or choosing not to remove content from their services, as well as the express Terms agreed to by Plaintiff.

Accordingly, good cause exists to postpone the case management conference requirements set forth in the Court's Order pending a resolution of Discord's dispositive Motion. This relief is not sought in bad faith or for the purposes of delay, and will not prejudice any party, but rather will preserve judicial and party resources.

### B. In the Alternative, this Court Should Permit the Parties Leave to Telephonically Appear at the Case Management Conference.

To the extent the Court maintains the current schedule, Discord requests that the Court waive the "in person" requirement for the case management conference. The Court has broad discretion in dealing with discovery and case management issues. *Patterson v. U.S. Postal Services,* 901 F.2d 927, 929 (11th Cir. 1990); *see also Fischer v. Dist. Sch. Bd. of Collier County*, No. 2:10-cv-512-FtM-29SPC, 2010 WL 3522215, at *1 (M.D. Fla. Sept. 7, 2010) (permitting parties to "meet telephonically to prepare the Case Management Report" because, in light of the geographic distance between the parties, "[i]t would create a hardship for the parties to meet for the Case Management Conference in person."); Local Rule 3.01(i) ("The use of telephonic hearings and conferences is encouraged, whenever possible, particularly when counsel are located in different cities.").

The Court's Order requires the attorney for the parties to "conduct a case management conference **in person** no later than 45 days after service or appearance of any defendant. **The Case Management Report ('Report') must be filed within seven days of the case management conference.**" D.E. 3 (emphasis in original).  Counsel for Plaintiff, Simeon Genadiev, maintains his regular place of business in Miami Beach, Florida.  Lead counsel for Discord, Julie E. Schwartz, maintains her regular place of business in Palo Alto, California.  Co-counsel for Discord, Beth-Ann E. Krimsky and Lawren A. Zann, maintain their regular place of business in Fort Lauderdale, Florida.

Here, at least one party would incur significant travel costs, and it would create a hardship for the parties to meet in person to prepare the case management report given the significant distance between counsel.  Discord believes, and Plaintiff agrees, that appearance of counsel by telephone at the case management conference will be the most expedient and cost-effective method of discussing, preparing, and filing a case management report.

Accordingly, in the alternative to postponing the case management conference, good cause exists to permit the parties to conduct the case management conference and prepare the case management report by telephone.

### III.   CONCLUSION

For these reasons, Discord respectfully requests that the Court postpone the case management conference requirements set forth in its Order until after the Court rules on Discord's Motion.  If the Court prefers the case management conference requirements to occur as set forth in the Order, Discord respectfully requests that the Court permit the parties to waive the "in person" requirement and permit the parties to telephonically appear at the conference to prepare the case management report.

WHEREFORE, Defendant Discord, Inc. respectfully requests this Court enter an Order postponing the case management conference requirements or, in the alternative, to permit the parties to telephonically appear at the conference, together with such further and other relief as this Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Prior to filing this Motion to Postpone Case Management Conference or, in the alternative, for leave to Telephonically Appear at Case Management Conference, the undersigned conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised herein. Counsel for Plaintiff advised that he **AGREES** to the relief sought herein.

Dated: September 26, 2019                                Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Lawren A. Zann
　　　　　　　　　　　　　　　　　　　　　　　　　　Beth-Ann E. Krimsky, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 968412
　　　　　　　　　　　　　　　　　　　　　　　　　　Lawren A. Zann, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 42997
　　　　　　　　　　　　　　　　　　　　　　　　　　GREENSPOON MARDER LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　200 East Broward Boulevard
　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 1800
　　　　　　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33301
　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: (954) 527-2427
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (954) 333-4027
　　　　　　　　　　　　　　　　　　　　　　　　　　beth-ann.krimsky@gmlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　lawren.zann@gmlaw.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　　　　　　　Julie E. Schwartz, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　*Pro Hac Vice* Admitted
　　　　　　　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　3150 Porter Drive
　　　　　　　　　　　　　　　　　　　　　　　　　　Palo Alto, CA 93404
　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: (650) 838-4490
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (650) 838-4690
　　　　　　　　　　　　　　　　　　　　　　　　　　jschwartz@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Discord, Inc.*

41326460v1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2019, I electronically filed the foregoing Motion to Postpone Case Management Conference or, in the alternative, for leave to Telephonically Appear at Case Management Conference using the CM/ECF system, which foregoing documents is also being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

    /s/ Lawren A. Zann
    Lawren A. Zann

41326460v1