# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LOGAN BACHSTEIN,**

                        **Plaintiff,**

**v.**                                                    **Case No:   6:19-cv-1484-Orl-41LRH**

**DISCORD, INC.,**

                        **Defendant.**

## ORDER

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S AGREED MOTION TO POSTPONE CASE MANAGEMENT CONFERENCE OR, IN THE ALTERNATIVE, FOR LEAVE TO TELEPHONICALLY APPEAR AT CASE MANAGEMENT CONFERNECE (Doc. 15)** |
| **FILED:** | **September 26, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

       On August 12, 2019, Plaintiff Logan Bachstein (Plaintiff) filed a complaint against Defendant Discord, Inc. (Defendant), a corporation that provides online forums where users can interact, asserting several negligence related claims against the Defendant stemming from the misappropriation of the Plaintiff's cryptocurrency, Bitcoin, by another user.  (Doc. 1 (Complaint)).

       In response to the Complaint, on September 23, 2019, the Defendant filed a motion to transfer the case to the United States District Court for the Northern District of California or, in the

alternative, a motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(6), respectfully.  (Doc. 14 (Motion to Dismiss)).  The Plaintiff has not yet filed a response to the Motion to Dismiss, and he has until October 14, 2019 to do so.  (Doc. 17).

On September 26, 2019, the Defendant filed a motion to stay the deadline for the parties to complete the case management conference until the resolution of the Motion to Dismiss.  (Doc. 15 (Motion to Stay)).  In support, the Defendant contends that the granting of any of the three arguments raised in the Motion to Dismiss, *i.e.* the request to transfer, the request to dismiss for lack of personal jurisdiction, and the request to dismiss for failure to state a claim, will be case dispositive (at least in this Court).  (*Id*. at 2-3).  Therefore, the Defendant argues that there is good cause to stay the case management conference pending ruling on the Motion to Dismiss.  (*Id*. at 3). Alternatively, the Defendant requests that if the Court is not inclined to stay the case management conference, that the parties be permitted to conduct the same telephonically.  (*Id*. at 3-4).  The Motion is unopposed.

The Defendant's request to stay the case management conference deadline (which is currently October 21, 2019) is essentially a request to stay discovery, since discovery cannot commence, absent court order, until the parties complete the case management conference.  Fed. R. Civ. P. 26(d)(1).  Therefore, the Court will evaluate the Defendant's request under the applicable standard for staying discovery.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").  However, a motion to stay discovery

pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)); *see* Middle District Discovery (2015) at (I)(E)(4). The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2015) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53 (quotations omitted).

The Defendant has not stated good cause to stay the case management conference (or discovery). Without expressing any opinion as to final resolution of the Motion to Dismiss, the Court is not convinced at this point in time that the Motion to Dismiss is clearly meritorious. This is in large part due to the lack of a response to the Motion to Dismiss. And even if the Court were to ultimately agree with the Defendant's request to transfer the case or dismiss for lack of personal jurisdiction, such a decision would not be case dispositive since much of the work performed while the case is pending here would not necessarily be undone by transferring the case to the Northern District of California or dismissing it for lack of personal jurisdiction. While it does appear that the Defendant's 12(b)(6) argument may be case dispositive since it contends that the Plaintiff's claims are barred under the Communications Decency Act, 47 U.S.C. § 230(c)(1), it again remains

unclear whether that claim is truly meritorious given the lack of a response from the Plaintiff.  In light of the foregoing, the Court finds that the Motion to Dismiss is not a basis to stay the case management conference because it is unclear whether it will entirely eliminate the need for discovery.  Further, the Court finds that a stay of the case management conference, even a temporary one, would frustrate the progress of this case if it were to proceed to the merits here. Therefore, the Defendant's request to stay the case management conference deadline is not well-taken.

Turning to the Defendant's alternative argument to conduct the case management conference telephonically, the Court finds that request well-taken since counsel for the parties are located throughout Florida and California.

Accordingly, it is **ORDERED** that:

1.  The Motion to Stay (Doc. 15) is **GRANTED** to the extent that the parties may conduct the case management conference telephonically for the purpose of preparing the Case Management Report.

2.  The Motion to Stay (Doc. 15) is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties