**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.: 6:19-cv-01484-CEM-LRH

| | |
|---|---|
| LOGAN BACHSTEIN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DISCORD, INC., a for-profit corporation <br><br> Defendant. | **DEFENDANT'S AGREED MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, DISMISS PLAINTIFF'S COMPLAINT** |

Defendant, Discord, Inc. ("Discord"), by and through its undersigned counsel, and pursuant to Local Rule 3.01(c), respectfully requests leave to file a reply to Plaintiff's Opposition to Defendant's Motion to Transfer or, in the Alternative, Dismiss (the "Opposition") [D.E. 19] no longer than eight (8)-pages, and as grounds therefore states as follows:

1. On September 23, 2019, Discord filed a "Motion to Transfer, or in the Alternative, Dismiss Plaintiff's Complaint [D.E 1]" (the "Motion"). *See* Motion [D.E. 14]. Discord argued that this action should be transferred to the Northern District of California based on the forum selection clause in Discord's Terms of Service ("Terms"). Discord argued alternatively that the Complaint should be dismissed because: (1) Plaintiff has not pled personal jurisdiction over Discord; (2) Plaintiff's claims are barred by the Communications Decency Act, 47 U.S.C. § 230(c)(1) ("CDA"); and (3) Plaintiff fails to state a viable claim against Discord.

2. On October 14, 2019, Plaintiff filed his Opposition [D.E. 19].

3. Additional briefing is proper when needed to correct "'mischaracterizations of fact and erroneous suggestions regarding the applicable law.'" *Pattar v. Secretary, Dep't of State*, No.

1

6:16-cv-1015-OrL-37DAB, 2016 WL 5415306, at *2 (M.D. Fla. Sept. 28, 2016). Further, "[t]he purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Allied Portables, LLC v. Youmans*, No. 2:15-CV-294-FTM-38CM, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016) (internal quotation marks and citation omitted). And additional briefing is appropriate when an "argument warrant[s] further analysis." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1277 (M.D. Fla. 2005). As discussed below, additional briefing is proper and necessary here.

4. First, Plaintiff's Opposition mischaracterizes the law regarding the CDA. For one, Plaintiff is incorrect that "factual issues preclude a ruling on the CDA issue at this stage of the case." [D.E. 19 at 9.] *See, e.g.*, *Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014) (affirming dismissal of defamation claim pursuant to Rule 12(b)(6) on CDA immunity grounds). Moreover, Plaintiff introduces inapposite case law to confuse the applicability of the CDA. [D.E. 19 at 9-10.] Plaintiff's arguments regarding the CDA warrant further analysis.

5. Second, Plaintiff mischaracterizes his own allegations and the facts regarding Discord's Terms. Plaintiff advances misleading arguments that (1) this dispute falls outside of the Terms because "Duke" accessed his computer off the platform; (2) a completely separate provision in the Terms regarding Apple devices somehow limits the separate "General" section containing the forum selection clause; and (3) Discord fails to explain how Plaintiff can be bound by an agreement with Hammer & Chisel, although Discord has provided an explanation. [D.E. 19 at 3-5.] Discord should be permitted to correct the record.

6. Third, Plaintiff makes erroneous suggestions regarding the law applicable to transfer under Section 1404. [D.E. 19 at 5]. Contrary to Plaintiff's claim, Discord addressed the public interest factors, and the private factors are irrelevant to the analysis. *See Carrigg v. Gen.*

*R.V. Ctr., Inc.*, No. 3:18-CV-654-J-34PDB, 2018 WL 5904447, at *4 (M.D. Fla. Nov. 9, 2018) ("[T]he Supreme Court has directed that when parties have agreed to a mandatory forum selection clause, the court's analysis is significantly narrowed...a court considers only arguments about public-interest factors which rarely will be sufficient to defeat a motion to transfer to...."). Discord seeks leave to clarify and further analyze the law and its position on transfer.

7. Fourth, Plaintiff raises a new basis for personal jurisdiction, arguing that Discord has sufficient minimum contacts with Florida because "it markets and advertises its platforms and services to Florida citizens" and "has at least 24 servers or chatrooms with Florida tags." [D.E. 19 at 6-7.] In support, Plaintiff misleadingly cites to a number of websites that have no connection to this dispute. Moreover, Plaintiff inappropriately suggests that Discord rather than Plaintiff has the burden to establish personal jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Discord requests leave to address these new facts and arguments.

8. Finally, Plaintiff contends, without support, that he has alleged that Duke was employed by Discord because Discord allegedly paid him for referrals. This is not sufficient to allege an employment relationship. *See, e.g., Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1318-19 (11th Cir. 2015). Discord seeks leave to clarify the law and facts on this point.

For the foregoing reasons, Discord seeks leave to file a Reply no longer than eight (8) pages to Plaintiff's Opposition, no later than seven (7) days from the granting of such request.

### Local Rule 3.01(g) Certification

Prior to filing this Motion for Leave to File Reply, the undersigned counsel for Defendant conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised herein. Counsel for Plaintiff **AGREES** to the relief sought herein.

Dated: October 18, 2019

Respectfully submitted,

  /s/ Lawren A. Zann
Beth-Ann E. Krimsky, Esq.
Fla. Bar No. 968412
Lawren A. Zann, Esq.
Fla. Bar No. 42997
GREENSPOON MARDER, LLP
200 East Broward Boulevard
Suite 1800
Tel: (954) 527-2427
Fax: (954) 333-4027
beth-ann.krimsky@gmlaw.com
lawren.zann@gmlaw.com

-and-

Julie E. Schwartz, Esq.
Pro Hac Vice Admitted
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 93404
Tel: (650) 838-4490
Fax: (650) 838-4690
jschwartz@perkinscoie.com

*Attorneys for Discord, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2019, I electronically filed the foregoing Motion for Leave to File Reply using the CM/ECF system, which foregoing document is also being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

  /s/ Lawren A. Zann
Lawren A. Zann