UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:19-cv-01484-CEM-LRH

| | |
|---|---|
| LOGAN BACHSTEIN, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>DISCORD, INC., a for-profit corporation,<br><br>　　Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR, IN THE ALTERNATIVE, DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]** |

**I.　INTRODUCTION**

Plaintiff's Opposition confirms that this case should be transferred or dismissed.

First, Plaintiff does not dispute that he is bound by Discord's Terms, which requires this lawsuit to be brought in the Northern District of California. Plaintiff claims this dispute falls outside the Terms, but Plaintiff challenges Discord's actions squarely under the Terms. And his argument that the forum-selection clause applies only to users of iOS devices defies logic.

Second, Plaintiff fails to establish personal jurisdiction. He claims that specific personal jurisdiction exists under the inapplicable "solicitation or service activities" prong of Florida's long-arm statute. Plaintiff has not alleged the requisite noneconomic injury and his claims do not arise from marketing activities by Discord in Florida. Ultimately, Plaintiff wants this Court to exercise jurisdiction over Discord because it provides an online service that is accessible from Florida. But that is insufficient to demonstrate the minimum contacts necessary for jurisdiction.

Third, the Communications Decency Act, 47 U.S.C. 230 ("CDA") bars Plaintiff's lawsuit. Plaintiff's arguments are based largely on Section 230(c)(2) of the CDA, which is not at issue. Discord has immunity under a separate provision—Section 230(c)(1). And under that

provision, Plaintiff appears to dispute only the third prong of the immunity analysis—that he has sued Discord based on publisher conduct. Plaintiff wants to hold Discord liable for being a passive host for "Duke," the user who defrauded him. But Discord's decisions regarding whether to host content are precisely the traditional publisher conduct immunized by the CDA.

Finally, Discord specifically disclaimed all the obligations that Plaintiff claims Discord undertook. Plaintiff ignores these disclaimers, arguing that Discord had obligations to him because "Duke" was supposedly a Discord employee. Plaintiff's allegations that "Duke" received referral payments are contradicted by (1) Plaintiff's allegation that Discord did not know "Duke's" identity or have any information that could be used to track him and (2) Plaintiff's reliance on an article (incorporated into his complaint) that confirms that Discord does not employ moderators. Regardless, the allegations do not establish an employment relationship.

At bottom, Plaintiff's claims, if any, are in the wrong court and should be brought against "Duke" and not Discord.  Plaintiff's lawsuit should therefore be transferred or dismissed.

## III. ARGUMENT

### A. This Case Should Be Transferred to the Northern District of California.

Plaintiff has failed to rebut that this action should be transferred to the Northern District of California under the parties' forum-selection clause. Plaintiff does not and cannot dispute that he agreed to the Terms or that the forum-selection clause is mandatory and binding. Instead, he advances frivolous arguments that contradict his own allegations and the Terms' plain language.

First, contrary to his Complaint, Plaintiff argues that his claims do not arise from the Terms or his use of Discord. [D.E. 19 at 4.] This is baseless—Plaintiff seeks to hold Discord liable for purportedly failing to "enforce[] its own terms of service and community guidelines." [D.E. 1 ¶ 8; *see also id.* ¶ 25 (citing moderator responsibilities from Discord's Terms).] Yet

Plaintiff does not want to be bound by those same Terms. Also, all Plaintiff's allegations against *Discord* relate to his use of Discord's services (i.e., the "Premium Signals" chatroom). *See generally* D.E. 1 ¶¶ 16-33. That *Duke's* alleged theft of Plaintiff's Bitcoin occurred off-platform does not affect Plaintiff's allegations against *Discord*.

Second, Plaintiff's claim that the forum selection clause applies only to iOS users strains credulity. [D.E. 14-2 at 14-15.] The "IOS Applications" section is self-contained. The subsequent sections, including the "General" section containing the forum-selection clause, are not specific to iOS users. Plaintiff's interpretation would lead to absurd results. For example, that the "Copyright" section, which contains information on how to submit Digital Millennium Copyright Act takedown notices, would apply only to iOS users.

Third, Plaintiff cannot avoid the Terms by arguing that he contracted with "Hammer & Chisel Inc." That was Discord's name when Plaintiff registered for Discord, nothing more. [D.E. 14 at 4 n.2]; *see also* Defendant's Request for Judicial Notice, Ex. A.[1]

Finally, Plaintiff confuses the analysis applicable to forum-selection clauses. Where a valid forum-selection clause is at issue, courts consider only public-interest factors, which are rarely sufficient to defeat a motion to transfer. *Carrigg v. Gen. R.V. Ctr., Inc.*, No. 3:18-CV-654-J-34PDB, 2018 WL 5904447, at *4 (M.D. Fla. Nov. 9, 2018). As Discord noted, there is no public interest factor that weighs against transfer. [D.E. 14 at 10.] That Florida might have an interest in protecting its citizens against torts [D.E. 19 at 5] is not an "extraordinary

---

[1] Regardless, the Terms apply to Discord. [*Id.* at 14-2] ("Welcome to Discord! … "By using or accessing the Discord application … or the website located at https://discordapp.com … you accept to be bound by the Terms…."). And all subsequent versions of the Terms in place when Plaintiff used the service reference Discord Inc. as the contracting entity. [*Id.* at 22-87.]

circumstance[]" justifying non-enforcement of a valid forum-selection clause. *Stone v. Barclays Bank PLC*, No. 9:16-CV-81875-RLR, 2017 WL 766355, at *3 (S.D. Fla. Feb. 28, 2017).

**B.     The Opposition Confirms the Court Lacks Personal Jurisdiction.**

Plaintiff has failed to meet his burden to demonstrate personal jurisdiction.

First, Plaintiff concedes Discord is not subject to general jurisdiction in Florida. [D.E. 19 at 5]; *see, e.g.*, *Calderone v. Scott*, No. 2:14-519-FtM-PAM-CM, 2017 WL 5444190, at *1 (M.D. Fla. Feb. 27, 2017) (arguments not mentioned in opposition memorandum are abandoned).

Second, Plaintiff cannot establish specific jurisdiction under the "solicitation or service activities" provision of Florida's long arm statute. Fla. Stat. § 48.193(1)(a)(6)(a).[2] This applies only to "personal injury or damage to physical property" in Florida. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). A "purely economic injury," such as loss of Bitcoin, is insufficient. *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991).

Further, Plaintiff has not established any connection between his injury and Discord's purported solicitation or service activities within the state. *See Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1122 (N.D. Fla. 2007) ("[T]he court may not exercise specific jurisdiction under this section…[because] there is no connection between plaintiff's alleged injury and Paragon's solicitation and service activities in Florida."). In fact, the Complaint contains no allegations regarding any such activities by Discord in Florida.[3]

---

[2] This provision was formerly Fla. Stat. § 48.193(1)(f).

[3] Plaintiff is wrong that Discord "has not disputed that it does market and advertise its platform and services directly to citizens of the State of Florida." [D.E. 19 at 6]. Discord declared it "has no connection with Florida" and "its advertising and marketing are primarily conducted online." [D.E. 14 at 11; D.E. 14-2 at 1.] Plaintiff provides no examples of marketing or advertising directed to Florida.

Third, Plaintiff is wrong that Discord has minimum contacts with Florida to satisfy due process because it has "servers or chatrooms"[4] tagged with "Florida," including a handful that have Florida in their name. [D.E. 19 at 6]. User-created servers with names including "Florida" do not mean Discord *itself* has contacts with Florida *related to this lawsuit*.[5] *See, e.g.*, *be2 LLC v. Ivanov,* 642 F. 3d 555, 558–59 (7th Cir. 2011) (finding lack of personal jurisdiction where the operator of a website that made user accounts freely available and had registered users in Illinois did not have sufficient minimum contacts). Nor has Plaintiff shown that Discord targeted its marketing to Florida to "purposefully avail[]" itself of the privilege of conducting activities there. *See Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1355 (11th Cir. 2013).

Instead, Plaintiff relies only on inapposite cases.[6] At bottom, Plaintiff seeks to subject Discord to jurisdiction in Florida because it provides an online service available to Florida residents. If Plaintiff's position were adopted, online service providers would be subject to "personal jurisdiction in every state" and "the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011) (quotation omitted). This is not and cannot be the law.

---

[4] Here, "servers" does not refer to physical computer servers, but rather to Discord's community forums where users interact through text, video, or voice messages (i.e., "chatrooms"). Plaintiff's complaint uses the terms "chatrooms" and "servers" interchangeably. *See, e.g.*, D.E. 1 at ¶¶ 2, 17-25, 27, 46, 55-56, 58, 60-61, 64, 69, 74-75, 77-78, 81, 101.

[5] Plaintiff also contends personal jurisdiction exists because legal matters have arisen in Florida from the use of Discord's app. [D.E. 19 at 7.] Connections to the state of Florida by Discord *users* does not mean *Discord* has connections to Florida. Further, whether Discord could have conceived it could be sued by a Florida resident is not the test for personal jurisdiction.

[6] Unlike here, those defendants had contacts with Florida that were tethered to injuries. *See, e.g.*, *Prou v. Giarla*, 62 F. Supp. 3d 1365, 1377 (S.D. Fla. 2014) (defendant allegedly marketed artwork to Florida residents, engaged in commerce in Florida, and participated in three art shows in Florida over a two-year period); *Sehringer v. Big Lots, Inc.*, 532 F. Supp. 2d 1335, 1348 (M.D. Fla. 2007) (defendant operated 104 retail stores in Florida and marketed to Florida residents).

**C.     The CDA Bars Plaintiffs' Claims.**

Regarding CDA immunity, Plaintiff is wrong that "factual issues preclude a ruling on the CDA issue" here. [D.E. 19 at 9.] Courts routinely dismiss claims based on CDA immunity where, as here, the immunity is clear from the pleadings. *See, e.g.*, *Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014) (affirming dismissal under Rule 12(b)(6) based on CDA immunity); *Mezey v. Twitter, Inc.*, No. 1:18-CV-21069-KMM, 2018 WL 5306769, at *1 (S.D. Fla. July 19, 2018) (dismissing lawsuit with prejudice based on CDA immunity).

Plaintiff's cited cases are distinguishable. Discord moved to dismiss pursuant to Section 230(c)(1) of the CDA. Plaintiff's cases address Section 230(c)(2), which applies to actions "voluntarily taken in good faith," a fact-intensive inquiry. *e-ventures Worldwide, LLC v. Google, Inc.*, 188 F. Supp. 3d 1265, 1273 (M.D. Fla. 2016); *Nat'l Numismatic Certification, LLC. v. eBay, Inc.*, No. 6:08-CV-42-Orl-19GJK, 2008 WL 2704404, at *24 (M.D. Fla. July 8, 2008).

Here, there is no "good faith" requirement, and Discord's immunity under Section 230(c)(1) is clear. Plaintiff does not dispute that Discord is an interactive computer service and that "Duke" (rather than Discord) is the information content provider.[7] Therefore, the first two elements of CDA immunity are established. *Calderone*, 2017 WL 5444190, at *1.

Plaintiff appears only to dispute the third element of CDA immunity—whether his claims treat Discord as a publisher of content. Plaintiff claims that Discord *should* have monitored or blocked content supplied by moderators such as "Duke." *See* D.E. 1 ¶ 83. But decisions

---

[7] Plaintiff's cases all involve factual disputes regarding these elements, none of which are at issue based on the pleadings here. *See Perfect 10, Inc. v. Google, Inc.*, No. CV 04-9484 AHM (SHx), 2008 WL 4217837, at *8 (C.D. Cal. July 16, 2008) (information content provider); *FTC v. LeanSpa, LLC*, 920 F. Supp. 2d 270, 275 (D. Conn. 2013) (interactive computer service and information content provider); *CYBERsitter, LLC v. Google Inc.*, 905 F. Supp. 2d 1080 (C.D. Cal. 2012) (information content provider); *Hy Cite Corp. v. badbusinessbureau.com, L.L.C.*, 418 F. Supp. 2d 1142, 1149 (D. Ariz. 2005) (information content provider).

regarding whether to block such content are traditional publisher activity. *See, e.g., Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 835 (2002) (CDA barred claims against provider for choosing not to remove content or take other action against third parties engaging in illegal activities).[8]

Plaintiff oversteps in characterizing Discord's actions as "willful facilitation of criminal activity." [D.E. 19 at 10.] He does not, and cannot, distinguish the authority that providers cannot be liable under these circumstances. *See, e.g., Herrick v. Grindr LLC*, 765 Fed. App'x. 586,590 (2d. Cir. 2019) (the CDA barred claims against provider arising from a user creating a false dating profile); *Doe v. MySpace, Inc.*, 528 F.3d 413, 419-20 (5th Cir. 2008) (CDA immunity barred claim that MySpace's publication of communications led to sexual assault).

Finally, Plaintiff's reliance on *Barnes v. Yahoo!, Inc.* is distinguishable and supports Discord. 570 F.3d 1096 (9th Cir. 2009), *as amended* (Sept. 28, 2009). In *Barnes*, a Yahoo! employee personally promised the plaintiff he would remove content but Yahoo! failed to do so. *Id.* at 1099. The court held the CDA did not bar a promissory estoppel claim because Yahoo! undertook a specific legal obligation. *Id.* at 1107. "[T]o avoid liability" for any promises, the court noted, an interactive computer service "need only disclaim any intention to be bound." *Id.* at 1108. Here, far from promising Plaintiff anything, Discord *disclaimed in its Terms any intention to be liable for its users' conduct*.[9] Accordingly, CDA immunity applies to this dispute.

---

[8] *See also, e.g., Gavra v. Google Inc.*, No. 5:12-cv-06547-PSG, 2013 WL 3788241, *3 (N.D. Cal. July 17, 2013) ("Section 230 of the CDA was intended 'to protect websites against the evil of liability for failure to remove offensive content'"); *Zeran v. Am Online, Inc.*, 129 F.3d 327, 333 (4th Cir. 1997) (CDA barred claims based on failure to remove objectionable content).

[9] *See, e.g.,* [D.E.14-2 ("The Company has no obligation to monitor these communication channels ...."), ("[User content] on the Communication Channels is neither endorsed nor controlled by us. … The Company is not responsible …  for the actions of other users."), ("[T]he Company will not under any circumstances be liable for any user content."), ("You are solely responsible for your interaction with other users of the Service and other parties that you come in contact with through the Service.").]

### D. Plaintiff Fails to State a Claim Against Discord.

Plaintiff concludes, without more, that he has stated the elements of a negligence claim.[10] In his Opposition, Plaintiff recites the same supposed duties he alleged in the Complaint, without identifying any source for those duties (there is none). [D.E. 19 at 11.] Plaintiff also claims he has stated the elements underlying his negligence claims,[11] although he does not point to any *factual* allegations in support. [*Id*.] Tellingly, Plaintiff ignores Discord's disclaimers of liability.

Moreover, for his purported employment claims, Plaintiff's allegations that "Duke" received referral payments are implausible and contradicted by (1) his allegations that Discord did not know "Duke's" identity or have any information that could be used to track him, and (2) the article he cited, which confirms that Discord does not have any moderators on staff. *See* [D.E. 14 at 19-20; D.E. 14-1 at 5.] In any event, Plaintiff has not pled any facts that demonstrate an employment relationship. *See Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1318–19 (11th Cir. 2015) (listing ten nonexclusive facts to determine whether someone is an employee). Accordingly, Plaintiff has not alleged an employment relationship.[12]

### IV. CONCLUSION

For these reasons, Discord respectfully requests that the Court grants its motion.

---

[10] Plaintiff does not dispute and therefore concedes that he has failed to allege a claim for aiding and abetting conversion [D.E. 14 at 21-22]. *See, e.g., Calderone*, WL 5444190 at *1.

[11] Under California law, Plaintiff's negligence claim is barred by the economic loss rule. *See, e.g.*, *Verse Two Props., LLC v. Medplast Fremont, Inc.*, No. 5:14-cv-03765-EJD, 2015 WL 7075969, at *5 (N.D. Cal. Nov. 13, 2015).

[12] *See, e.g., Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 293 (7th Cir. 2016) (affirming motion to dismiss based on conclusion that student athletes are not employees as a matter of law); *Doe v. Uber Techs., Inc.*, 184 F. Supp. 3d 774, 782 (N.D. Cal. 2016) (whether a person is an employee determined as a matter of law "if from all the facts only a single inference and one conclusion may be drawn"); *Campion v. Ne. Utilities*, 598 F. Supp. 2d 638, 655 (M.D. Pa. 2009) (dismissing plaintiff's complaint for failure to plead an employment relationship).

| | |
|---|---|
| Dated: October 28, 2019 | Respectfully submitted, |
| | /s/ Lawren A. Zann |
| | Beth-Ann E. Krimsky, Esq. |
| | Fla. Bar No. 968412 |
| | Lawren A. Zann, Esq. |
| | Fla. Bar No. 42997 |
| | GREENSPOON MARDER LLP |
| | 200 East Broward Boulevard |
| | Suite 1800 |
| | Fort Lauderdale, FL 33301 |
| | Tel: (954) 527-2427 |
| | Fax: (954) 333-4027 |
| | beth-ann.krimsky@gmlaw.com |
| | lawren.zann@gmlaw.com |
| | -and- |
| | Julie E. Schwartz, Esq. |
| | *Pro Hac Vice* Admitted |
| | PERKINS COIE LLP |
| | 3150 Porter Drive |
| | Palo Alto, CA 93404 |
| | Tel: (650) 838-4490 |
| | Fax: (650) 838-4690 |
| | jschwartz@perkinscoie.com |
| | *Attorneys for Discord, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2019, I electronically filed the foregoing Reply in support of Motion to Transfer or, in the alternative, Motion to Dismiss Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which foregoing document is also being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

    /s/ Lawren A. Zann
Lawren A. Zann